57 CCPA

### The FRANCESCO PARISI FWDG. CORP., Appellant,

### v.

### The UNITED STATES, Appellee.

### Customs Appeal No. 5354.

United States Court of Customs and Patent Appeals.

May 7, 1970.

Allerton deC. Tompkins, New York City, attorney of record, for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Gilbert Lee Sandler, Customs Section, New York City, for the United States.

Before RICH, Acting Chief Judge, BALDWIN and LANE, Judges, and JONES, Senior Judge, United States Court of Claims, sitting by designation.

LANE, Judge.

The importer appeals from the decision and judgment of the Customs Court, 62 Cust.Ct. 207, C.D. 3730 (1969), overruling its protest against the classification of a device invoiced as a Nistri Stereocomparator.

The stereocomparator weighs slightly over 4,000 pounds and is roughly 6 feet long, 3 feet deep and 4 feet high. It possesses three stages on which flat and preferably translucent objects may be placed. An optical system is provided for viewing any two of the stages at the same time and for photographing such views. The stages are movable through precisely defined distances by means of hand wheels which control electric motors. The motors rotate lead screws which translate the stages. The distances moved are registered on a display panel. The planar Cartesian co-

ordinates of points on the flat objects, relative to some convenient origin, are thereby determined with great accuracy according to the evidence of record.

For reasons later to be discussed, the collector classified the apparatus under paragraph 360 of the Tariff Act of 1930, as modified by T.D. 53832:

> Surveying instruments and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for .......................35% ad val.

Appellant contends that the proper classification is under paragraph 353, as modified by T.D. 52739:

> Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:
>
>   *    *    *    *    *    *    *    *
>
> Other (except  *  *  *) .....................13¾% ad val.

Appellant alternatively contends that the classification should be under paragraph 360, as modified by T.D. 54108:

> Scientific and laboratory instruments, apparatus, utensils, appliances (including mathematical, instruments but not including surveying instruments), and parts thereof, wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for:
>
>   *    *    *    *    *    *    *    *
>
> Other (except  *  *  *) .....................25½% ad val.

A witness for the importer testified that as executive vice-president of O. M. I. Corporation of America, the real party in interest here, he was familiar with the design, installation and uses of stereocomparators like the one in issue, which went to Ohio State University. According to the witness, the apparatus can be used for photogrammetric surveying. In such uses the flat objects previously referred to are photographs of, for example, a land mass, taken from different positions. The measurements obtained by the stereocomparator, in conjunction with certain data obtained in the field, permit determination of terrain features. The function of the instrument is to measure the Cartesian coordinates of any identifiable point. The witness said that the devices can also be used and have been used for other purposes among which are determining the paths of nuclear particles, measurement for accuracy of certain etched grid glass and precision rulers and in "military intelligence analyses" which the witness was unable to specify because of security classification but which he said did not involve "a ground survey problem."

The Customs Court considered the issue to be one of chief use and we agree. Implicit in the collector's classification was the factual determination that the instrument at bar was of a kind chiefly used for surveying. Appellant therefore had the burden of proving that surveying was not the chief use of such devices. Appellant contends that it car-

ried that burden but we agree with the Customs Court that it did not. While the evidence establishes several possible non-surveying uses for the device it in no way establishes the *chief* use to be other than as an aid in surveying. Appellant's problem may have been the security restrictions on disclosure of the nature of the military intelligence uses. Nevertheless, the law places the burden on appellant to rebut the presumption attaching to the collector's classification and it has not done so.

■ Appellant urges that the term "surveying instruments" should be limited to devices used in the field for surveying purposes and contends that this limited definition is applied in the trade. The record is devoid of evidence of any meaning in the trade, and we therefore cannot apply such a limited meaning in interpreting the statutory provision before us.

Since we find that appellant did not rebut the presumption of correctness of of the collector's classification, we do not reach any issues regarding the claims for classification under paragraph 353 or under paragraph 360 as modified by T. D. 54108.

The judgment is affirmed.

Affirmed.